THOMPSON *v.* WILLIAMS.

Whether a sale of goods on Sunday is to the disturbance of others, the facts not being in dispute, is a conclusion of law.

The vendor of goods sold on Sunday cannot recover for their price, when the sale was not a work of necessity or mercy.

The vendee of goods sold on Sunday, in violation of Gen. St., c. 255, s. 3, who has asserted and maintained his title to the goods in an action against the vendor for taking the same from his possession, is not estopped to set up the defence of sabbatical illegality in an action by the vendor to recover for their price.

ASSUMPSIT, for $75, the price of two cows sold by the plaintiff to the defendant on Sunday. Fifteen days after the sale, the plaintiff took the cows from the defendant, claiming that the title was not to pass until the price was paid. For that taking the defendant brought an action of trespass against the plaintiff, and recovered a judgment (the damages being assessed at $75), on the ground (as the record shows) that the cows were the property of the defendant by virtue of the sale on Sunday, and the sale was absolute. That judgment the plaintiff has satisfied.

At the trial of this case the plaintiff was the sole witness. On cross-examination, he testified that on the Sunday of the sale he was in his

saw-mill making repairs, when the defendant came in; that no one else was then present; that the defendant wanted to buy the cows, and they talked about a sale of them; that the defendant went down and saw them, and came back to the mill; that one Wiggin came in; that the defendant said he had been down to see the cows, and had made up his mind to give $75 for them; that the plaintiff said he could not sell them for that, but finally concluded to accept the offer, and the bargain was made and the defendant drove them home; and that, at each interview, they talked a considerable time about the bargain.

The sale was not a work of necessity or mercy. The defendant moved for a nonsuit on the ground that the sale was prohibited by the Sunday law. Gen. St., c. 255, s. 3. The court denied the motion, and the defendant excepted. There was nothing for the jury, unless the question whether the sale was "to the disturbance of others" was a question of fact. The plaintiff claimed that the Sunday law is not a defence in this case, and that the defendant, having asserted and maintained his title under the Sunday sale in the former suit, is estopped, in this action, to set up the defence of sabbatical illegality. Verdict for the plaintiff.

*Hobbs,* for the defendant.

*Small,* for the plaintiff.

SMITH, J. It is matter of law, that, whether any one besides the plaintiff and the defendant was present or not, the sale was business of the plaintiff's secular calling, done "to the disturbance of others," within the meaning of Gen. St., c. 255, s. 3. *Varney* v. *French*, 19 N. H. 233; *Smith* v. *Foster*, 41 N. H. 215; *Bank* v. *Thompson*, 42 N. H. 369; *George* v. *George*, 47 N. H. 35.

The defendant is not estopped by the judgment in the trespass suit from setting up the Sunday law as a defence. The maxim, *in pari delicto*, &c., was not established for the benefit of one party or of the other. The law does not leave the weaker at the mercy of the stronger, nor give the vendor a remedy by allowing him to retake the property illegally sold. It leaves the parties where their illegal contract left them: when executed, it will not assist the party who has parted with his money or property to recover it back; when executory, it will not compel performance. It would not leave the parties where their illegal contract left them if it did not maintain the title acquired by the contract. Williams was in possession of the cows, as of his own property, by the assent of Thompson. When the latter retook them, Williams was enabled to maintain trespass because Thompson could not be heard to controvert his title. *Smith* v. *Bean*, 15 N. H. 579; *Coburn* v. *Odell*, 30 N. H. 540, 552. The verdict must be set aside.

                                                                *Nonsuit.*